Drake, Oh. J,
delivered the opinion of the court:
The claimant-, on the 27th of July, 1872, entered into a written contract with the board of public works of the District of *124 Columbia, whereby he agreed to grade certain streets in Union-town, D. C., at prices stipulated in the contract.
He admits that during the progress of the work he received five partial payments on account thereof, aggregating $2,500, but he claims that he did work to the amount of $3,094.06; and he asks judgment for rhe difference between those sums.
As establishing the amount of work done by him, he relies on a paper, purporting to be an official measurement and estimate of the work, in the words and figures following, to wit:
Final measurement and estimate of work done by Joseph S. Worthington on streets in Oniontown, for settlement, up to. October 19, 1872.

*Waahed away and shrinkage.
B. D. Carpenter, Supt Roads, die.
Hon. A. H. Shepherd,

Vice-JPres't Board of Public Works.

Washington, D. C., Jcm'y 30,1873.
B. D. Carpenter, whose name appears signed to this paper, was employed by the board of public works as a superintendent of roads for the county.
The question is whether this paper authorizes us to render a judgment in favor of the claimant. This must be determined by the terms of the contract, the eighth article of which expresses the agreement of the parties on the subject of payment for the work. It refers to partial payments in the progress of the work, and also to the final payment on its completion. As there is no controversy here in regard to partial payments, we need refer only to so much of that article as relates to the final payment, which is as follows:
“Eighth. And it is further agreed, * * * that whenever the chief engineer aforesaid [that is, the chief engineer of the board of public works] shall certify in writing that the party *125 of the second part completely performed this contract on his part, and shall submit with said certificate his estimate of the amount due the party of the second part, then within 30 days, as hereinafter provided, the said party of the second part shall be entitled to receive the full amount due under this contract, deducting therefrom all previous partial payments which may have been made as hereinafter mentioned. And it is further expressly agreed that no money shall become due and payable under this contract except upon the certificate of said engineer, as hereinbefore provded; and the said party of the second part further agrees that he shall not *be entitled to demand or receive payment for any portion of. the aforesaid work except in the manner set forth in this agreement; and when each and all of the stipulations hereinbefore mentioned are complied with, and the engineer shall have given his certificate to that effect, a final settlement shall be made in writing between the parties, and the whole amount found due the party of the second part under this contract shall be paid to him.” * * *
Had the claimant offered in evidence a certificate of measurement and estimate made by the chief engineer of the board of public works, stating the work done by the claimant under the contract, it would, under the act giving this court jurisdiction of cases against the District of Columbia, be “primajacie evidence of the amount of work done.” But there is no law giving to the certificate of a subordinate any such effect. We are, therefore, to regard the certificate of B.D. Carpenter only as a statement by an individual, having no statutory sanction as evidence.. As such it does not prove the facts stated in it; and as there is no other sufficient evidence in the case to establish the claimant’s demand, we can do no otherwise than dismiss his petition; which is- accordingly done.